**Esteban SARMIENTO,**
**Plaintiff–Appellee,**

v.

**QUEENS COLLEGE CUNY,**
**Defendants–Appellants.**

No. 05–1236.

United States Court of Appeals,
Second Circuit.

Oct. 28, 2005.

Scott A. Moss, New York, N.Y. for Plaintiff–Appellant Esteban Sarmiento, for Appellant.

Michael S. Belohlavek, Division of Appeals and Opinions for the Attorney General of the State of New York for Defendant–Appellee Queens College Cuny, for Appellee.

Present: OAKES, JACOBS, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.) entered February 16, 2004, granting defendant's motion for summary judgment as to plaintiff's two allegations of Title VII discrimination and single allegation of retaliation against protected anti-discrimination activity. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party, and affirming the grant of summary judgment only if the record presents no issue of material fact. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999).

The district court correctly found that Sarmiento's discrimination claims raised no issue of material fact. When evaluating a motion for summary judgment in a Title VII case, district courts must assess whether a plaintiff has established a *prima facie* discrimination case, whether the employer can provide legitimate, nondiscriminatory reasons to explain its rejection of a plaintiff and thereby rebut plaintiff's *prima facie* case, and whether, in response to such a rebuttal, a plaintiff can allege facts suggesting that such legitimate reasons are pretexts for discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). For each discrimination claim, defendant successfully articulated legitimate bases for its employment decision. When plaintiff failed to successfully meet his burden of production in alleging that such legitimate bases were pretextual, the district court properly granted summary judgment.

For the 1999 job, successful job applicants featured evidence of teaching breadth and teaching excellence. Sarmiento provided defendant with evidence of neither. Likewise, Sarmiento failed to meet the minimum submission requirements for the position, having failed to draft sample syllabi appropriate for the undergraduate coursework to be taught at CUNY during Fall 1999. To show pretext, Sarmiento cites imaginary errors based on his misconstrual of his own record and the records of other candidates. Sarmiento also claims that defendant's animosity establishes pretext. While defendant admitted such animosity against Sarmiento, Sarmiento failed to show why this (seemingly race neutral) animosity supports a pretext finding.

Sarmiento's claim likewise fails with regard to the 2000 job opening. Interviewed candidates outperformed Sarmiento on at least three of eight criteria considered by defendant. CUNY considered whether applicants had received external research grants. Sarmiento listed no such grants on his curriculum vita. CUNY looked for demonstrated teaching excellence, interviewing candidates who either listed teach-

ing accomplishments, submitted excellent teaching evaluations, or whose recommendations complemented an applicant's teaching skills. Sarmiento's application provided no such evidence of teaching quality. CUNY also limited its search to anthropologists focused on humans, while Sarmiento focuses in large part on great apes.

Defendant also based its interviewing and hiring decisions for the 2000 job on candidates' demonstrated capacities to teach a broad range of courses. While defendant possibly erred in assessing Sarmiento's teaching history, such a minor mistake, reasonably committed due to Sarmiento's unclear presentation of his own teaching record, does not establish pretext when considered in the light of otherwise clear and legitimate reasons for preferring other candidates.

■ Lastly, Sarmiento fails to meet his burden on his retaliation claim. A retaliation plaintiff must make four showings to survive a summary judgment motion. First, he must show that he had previously engaged in activity protected by Title VII. Second, he must show that a prospective employer was aware of this activity. Third, he must have suffered an adverse employment action. Fourth, a causal connection must exist between the protected activity and the adverse employment action. *Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988). Plaintiff alleged no fact allowing a reasonable jury to conclude that defendant's (admitted) knowledge about Sarmiento's past anti-discrimination activities causally led to the rejection of Sarmiento's employment applications. To establish causation, Sarmiento relies on an ambiguous comment in which one of CUNY's search committee members claimed that "previous knowledge" about Sarmiento played "a tremendous role" in

CUNY's decision not to hire Sarmiento. While CUNY's previous knowledge included knowledge of Sarmiento's past anti-discrimination activities, CUNY's "previous knowledge" also included search committee members' personal negative experiences with Sarmiento. The CUNY search committee member who claimed that previous knowledge played "a tremendous role" specified that CUNY's hiring decision was based on previous knowledge of Sarmiento's reputation for lacking collegiality rather than his history as a Title VII plaintiff. This ambiguous-at-worst comment does not satisfy Sarmiento's burden of showing causation.

For the foregoing reasons, we AFFIRM the judgment of the district court.